**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 24-cv-03120-RMR-NRN

MATTHEW A. SMITH,

        Plaintiff,

v.

RENT-A-CENTER

        Defendant.

---

**ORDER**

---

        This matter is before the Court on Plaintiff's Motion for Stay of Execution. ECF No. 33. On August 4, 2025, this Court entered Final Judgment in this matter, dismissing Plaintiff's claims without prejudice for a failure to prosecute. ECF No. 31. Plaintiff "request[s] a stay of execution until an attorney can be retained." ECF No. 33 at 1. For the reasons stated below, the Court **DENIES** Plaintiff's request for a stay.

## I.    LEGAL STANDARD

        Plaintiff is proceeding pro se. Where a party proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir.

2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."). Thus, although courts "make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). In the District of Colorado, stays are generally disfavored, and they "should be the exception rather than the rule." *Charles Schwab & Co., Inc. v. Highwater Wealth Mgmt., LLC*, No. 17-cv-00803-CMA-NYW, 2017 WL 3503353, at * 2 (D. Colo. Aug. 16, 2017) (citations and internal quotations omitted). In evaluating a request to stay litigation, "a court should consider: (1) judicial efficiency as measured by the stage of the civil litigation and the stay's potential to simplify the issues; (2) the harm or unfair prejudice to the non-moving party that will result from the grant of a stay; and (3) the hardship and inequity to the moving party if the stay is denied." *Core Progression Franchise LLC v. O'Hare*, 2021 WL 6340162, at *2 (D. Colo. Dec. 29, 2021)

(citing *Tigercat Int'l, Inc. v. Caterpillar Inc.*, 2018 WL 2049816, at *2 n.3 (D. Del. May 2, 2018)).

## II.    ANALYSIS

Plaintiff is subject to filing restrictions in this court. On April 4, 2014, the Honorable Lewis T. Babcock entered an Order Imposing Filing Restrictions on Plaintiff. *See Smith v. Byron White 10th Circuit Federal Court*, Case No. 14-cv-00669-LTB, ECF No. 7 (D. Colo. April 4, 2014). The April 4, 2014, Order provided that before filing any new action pro se in the U.S. District Court for the District of Colorado, Plaintiff must follow several steps to obtain permission to proceed. *See id.* "Mr. Smith is prohibited from filing any new action in the United States District Court for the District of Colorado *without the representation of a licensed attorney* admitted to practice in the District of Colorado unless he obtains permission to proceed pro se as described in" the April 4, 2014 Order. *Id.* (emphasis added).

Perhaps to overcome the filing restriction, Plaintiff started filing his complaints in State Court, knowing they would be removed to federal court. *See Smith v. Aetna*, No. 22-cv-00426-RM-RSBP, 2024 WL 760133, at *1 (D. Colo. Jan. 18, 2024), *report and recommendation adopted*, No. 22-cv-00426-RMR-SBP, 2024 WL 760219 (D. Colo. Feb. 6, 2024) (citing *Smith v. Waffle House*, No. 19-cv-01613-GPG, ECF No. 12 (D. Colo. July 16, 2019) (holding that "Mr. Smith may not avoid the sanction order by filing an action in an improper venue and allowing the case to be transferred to the District of Colorado"); *Smith v. United Parcel Serv., Inc.*, No. 16-cv-00224-GPG, ECF no. 7 (D. Colo. Feb. 17,

2016) (enforcing the filing restriction in the Sanction Order because "Mr. Smith is the party who sought to have this action transferred to the District of Colorado")).

On January 28, 2025, Magistrate Judge Susan B. Prose entered an Order Imposing Sanctions against Plaintiff, requiring him to pay a fine of $750 to the Court because his "long history of filing cases . . . in other tribunals to avoid this District's filing restrictions shows bad faith [and] vexatious abuse of the judicial process." *Smith v. United Parcel Serv.*, No. 24-cv-443-SBP, ECF No. 36 at 9 (D. Colo. Jan. 28, 2025). In her order, Magistrate Judge Prose notes that "Mr. Smith has been the plaintiff in *forty-three* actions in this court . . . *[t]wenty-seven were filed <u>after</u> the filing restrictions*," including this case, which Plaintiff filed in small claims court alleging actions arising under federal law (the Americans with Disabilities Act). *Id.* at 4, 7 (emphasis in the original). Magistrate Judge Prose ordered Plaintiff to file a notice of filing restrictions in this case. *Id.* at 12. Plaintiff failed to do so, so Magistrate Judge Prose ordered the Clerk of Court to file notice of her order in this case.

On April 7, 2025, Magistrate Judge Neureiter issued a Recommendation in this case recommending that the case be dismissed without prejudice for failure to prosecute, noting Magistrate Judge Prose's Order for Sanctions. ECF No. 30. On August 4, 2025, this Court adopted the Recommendation over what the Court construed as an Objection from Plaintiff, *see* ECF No. 30, and final judgment was entered dismissing Plaintiff's claims without prejudice and closing the case, ECF No. 31. On August 28, 2025, Plaintiff filed his Motion for Stay of Execution. ECF No. 33. Defendants filed a Response. ECF No. 34.

4

Despite Magistrate Judge Prose's Order of Sanctions, on April 30, 2025, Plaintiff filed another action in small claims court, this time against Enterprise Leasing Company of Denver, alleging very similar claims as he did in this case—(1) Disability Discrimination & Retaliation, (2) Negligence, (3) Reasonable Accommodation Negligence, (4) Misrepresentation, and (5) Deceit and Other Crimes. *Smith v. Enter. Leasing Co. of Denver, LLC*, No. 25-cv-02539-LTB-RTG, ECF No. 1-2 (D. Colo. Aug. 14, 2025). On August 14, 2025, that case was also removed to federal court. *Id.* at ECF No.1. Plaintiff never filed a notice of filing restrictions in that case. Plaintiff also filed a Motion for Stay of Execution in that case, the same day he filed one in this case, requesting the same relief. *Id.* at ECF No. 10. It was denied. ECF No. 11. On October 22, 2025, the case against Enterprise Leasing Company of Denver was dismissed for failing to comply with the pleading requirements of Rule 8. *Id.* at ECF Nos. 15-16. All of Plaintiff's cases in this District have been dismissed and closed.

It is unclear exactly what Plaintiff seeks to stay because there are no pending actions in, or appeals of, this matter. Final judgment has been entered, and the matter has been closed. Defendant suggests that the Motion for Stay of Execution should be construed as a motion to stay proceedings to enforce a judgment under Fed. R. Civ. P. 62. Plaintiff seeks to stay the matter until an attorney can be retained. ECF No. 33. Plaintiff filed his motion over six months ago, but no attorney has entered his appearance on behalf of Plaintiff in this case or any other case. Plaintiff does not appear prepared to pursue his claims, considering the filing restrictions imposed on him. Thus, the Court will exercise its discretion to deny Plaintiff's motion. The Court does not find that a stay would

help simplify this case or promote efficiency. Instead, his stay would prejudice Defendant

who opposes a stay. This case has been resolved. A stay in this matter is not justified or

beneficial. Accordingly, the Motion for Stay of Execution is **DENIED**.

DATED:  March 16, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge